UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAZALEE SIRCUS,

                Plaintiff,                        Case No. 16CV2802

           -against-                     **COMPLAINT**

JERKYZ INC. and FS 140TH STREET HOUSING
DEVELOPMENT FUND CORPORATION,

                Defendants.

---

       Plaintiff, Jazalee Sircus (hereinafter "Plaintiff"), through her undersigned counsel, hereby files this Complaint and sues defendants Jerkyz Inc. (the "Restaurant") and FS 140th Street Housing Development Fund Corporation (the "Landlord") (the Restaurant and the Landlord being hereinafter collectively designated as the "Defendants") and alleges, upon information and belief:

## INTRODUCTION

    1.    This action arises under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq. and its implementing regulations, 28 C.F.R. Part 36, the New York State Executive Law (the "Executive Law") § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.

    2.    Plaintiff brings these claims for violation of her civil rights against the Defendants as the result of their failure to design, construct and or operate the establishment known as Jerkyz so as to make the premises accessible for individuals who require the use of a wheelchair for mobility.

    3.    Plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorneys' fees, costs and expenses to redress Defendants' unlawful disability discrimination against Plaintiff.

4.      This action seeks, *inter alia*, to make the Defendants' property accessible so that Plaintiff can finally enjoy the full and equal opportunity that the Defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 42 U .S.C. §12182 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' property which is the subject of this action is located in this district.

## PARTIES

7.      At all times relevant to this action, Plaintiff uses a wheelchair for mobility due to the effects of Cerebral Palsy.

8.      The Restaurant owns and operates a public facility primarily engaged in the sale of food and beverages, open to the general public, at the premises known and designated as 2394 7th Avenue, New York, New York (the "Property").  The Landlord is an owner of the Property.

## FACTS

9.      The Restaurant is a public accommodation within the meaning of the ADA, 42 U.S.C. § 12181(7) (B) as it is a restaurant, bar, or other establishment serving food or drink.

10.      There are numerous architectural barriers that have prevented or restricted access to the Restaurant by the Plaintiff (photographs depicting some of those barriers are annexed hereto as Exhibit A, made a part hereof and incorporated by reference herein).

11.     It is readily achievable for Defendants to remove these barriers to the accessibility of its services, features, elements, and spaces for the Plaintiff, as specified by the regulations promulgated under the ADA.

12.     The following sets forth the results of an inspection of the Restaurant and the architectural barriers to access which exist at the Restaurant:

The Restaurant is located midblock between West 139 and West 140 Streets.  The entrance is located in the middle of the store front.  There are two rises of 1-1/2" and 6", creating a 7 ½ inch rise in front of the door. The 1-1/2" rise/step has a tread of approximately 12" and runs across the entire store front, upon the city sidewalk.  The 6" rise is directly below the door threshold.  The door pushes open into the restaurant.  Inside the restaurant there is a ramped area slightly wider than the door itself.  This ramped area is approximately 2 ½ feet into the store and ramps about a 3 – 4" rise, then runs up to a large level open area, which is the floor of the store.

There are eating areas set up to the right and left of the ramped entrance.  There are high top counters in the windows with high top chairs on both the right and left of the ramped entrance area.  Although there is plenty of room, there are no ADA compliant tables, and the window counters are too high to be used by someone seated in a wheelchair.

13.     Plaintiff is unable to enter the Restaurant because Defendants have failed to make readily accessible alterations to the path of travel, violating 42 USC § 12182(2) (A) (iv) and 42 USC § 12182(b) (ii).

14.     Plaintiff is not offered the same accommodations, including the ability to enter and appropriate seating, as offered to able bodied patrons.

15.     Alterations to a place of public accommodation or a commercial facility, after January 26, 1992, must be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities,

3

including individuals who use wheelchairs.  Although alterations have apparently been made to the Restaurant after January 26, 1992, and the restaurant is a new business, no jobs are recorded with the NYC Department of Buildings.  Plaintiff cannot enter in her wheel chair due to the rises/steps at the door that prevents her from moving from the sidewalk into the Restaurant.

16.     The following violations of the 1991 ADA Standards for Accessible Design were noted:

a.     4.3.2 (1) states that at least one accessible route within the boundary of the site shall be provided from public streets or sidewalks to the accessible building entrance they serve. The accessible route shall, to the maximum extent feasible, coincide with the route for the general public.  There is no accessible route for the Plaintiff in her wheelchair due to the rise/steps at the entrance to the Restaurant.

b.     5.2 provides that where food or drink is served at counters exceeding 34" height for consumption by customers seated on stools or standing at the counter, a portion of the main counter which is 60" in length minimum shall be provided in compliance with 4.32 or service shall be available at accessible tables within the same area.  There is no accessible seating/tables that would allow enough space for the Plaintiff to comfortably sit in her wheelchair.

c.     5.1 requires that where a dining counter is provided, a portion of the counter shall be at the required accessible height, not provided at the Restaurant.

17.     All of the foregoing violations were reviewed with Plaintiff prior to the filing of this Complaint.

18.     There are readily achievable alternatives to barrier removal that Defendants could have undertaken and must undertake in order to make the goods, services and facilities offered at the Restaurant accessible to individuals with disabilities.  42 U.S.C. § 12182(b)(2)(A)(v); 28 C.F.R. §§ 36.305 and 36.308.

4

19. The Defendants have afforded, and continue to afford, wheelchair bound patrons who wish to enjoy the Restaurant's services opportunities which are unequal to that afforded to others, by discriminating on the basis of a disability. 42 U.S.C. §§ 12182(b)(l)(A)(ii) and 12182(b)(l)(D)(i); 28 C.F.R. §§ 36.202(b) and 36.204.

20.      Plaintiff last attempted to access the Restaurant on April 4, 2016 and, due to the steps at the entrance, she was unable to enter.

.     21.      Plaintiff lives in the neighborhood where the Restaurant is located and will attempt to enter if the barriers set forth above have been removed.

## CLAIMS FOR RELIEF

## CLAIM I

### READILY ACHIEVABLE BARRIER REMOVAL

22.      It is readily achievable for Defendants to remove the architectural barriers to access set forth above.  By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Title III of the ADA, 42 U.S.C. § 12182 (b) (2) (A)(iii), (iv) and 28 C.F.R. § 36.304.

## CLAIM II

### READILY ACHIEVABLE ALTERNATIVES TO BARRIER REMOVAL

23.      In the alternative, if it is not readily achievable to remove all of the barriers to access set forth, Defendants must provide readily achievable alternatives to barrier removal as required by 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

24.      By failing to undertake alternatives to barrier removal to the extent it is readily achievable to do so, Defendants have violated Title III of the ADA, 42 U.S.C. § 12182(b) (2)(A)(v) and 28 C.F.R. § 36.305.

## CLAIM III

FAILURE TO COMPLY WITH THE EXECUTIVE LAW

25.     It is readily achievable for Defendants to remove the architectural barriers to access hereinabove set forth.  By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Executive Law § 296(2)(c)(iii).

26.     For example, Defendants could have ramped the rises at the entrance and provided accessible seating and an accessible counter.

27.     In the alternative, the Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

**CLAIM IV**

FAILURE TO COMPLY WITH THE ADMINISTRATIVE CODE

28.     The Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the Administrative Code, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible place of public accommodation.

29.     It is readily achievable for Defendants to remove the architectural barriers to access identified herein.  By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Administrative Code § 8-107(4).

**CLAIM V**

VIOLATION OF NEW YORK STATE CIVIL RIGHTS LAWS

30.     The Defendants have discriminated against plaintiff pursuant to the Executive Law.

31.     Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d, in the amount of $500 for each and every barrier and violation.

32.     Notice of the Defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A.       Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to the Defendants' place of public accommodation

B.       Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, as set forth above, including ramping the entrance so as to make it wheelchair accessible and providing an accessible counter and seating;

C.       Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.       Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages, plus pre-judgment interest, as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

E.       Award Plaintiff $500.00 (FIVE HUNDRED DOLLARS) for each and every barrier and violation of the law pursuant to New York State Civil Rights Law§§ 40-c and 40-d;

F.       Pursuant to New York State Civil Rights Law § 40-d, find the Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law;

G.       Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

H.       Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

I.       For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: April 14, 2016

                                            Donald J. Weiss, Esq. (7619)
                                            Attorney for Plaintiff
                                            747 Third Avenue
                                            New York, New York 10017
                                            (212) 967-4440

# EXHIBIT A

