UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAZALEE SIRCUS,

Plaintiff,

-against-

JERKYZ INC. and FS 140TH STREET HOUSING DEVELOPMENT FUND CORPORATION,

Defendants.

Case No. 16CV2802

**CONSENT STIPULATION**

**WHEREAS,** Plaintiff JAZALEE SIRCUS ("Plaintiff") filed a complaint in the above-captioned action against Defendants JERKYZ INC. ("Jerkyz") and FS 140TH STREET HOUSING DEVELOPMENT FUND CORPORATION (the "Landlord"; Jerkyz and the Landlord are collectively designated as "Defendants"), alleging *inter alia,* certain purported violations of the Americans with Disabilities Act, 42 U.S.C 12181, and related claims arising under New York State Executive Law, the New York City Human Rights Law, and the New York Civil Rights Law, and seeking certain forms of relief thereunder (the "Action"); and

**WHEREAS,** the claims alleged herein by Plaintiff arise in connection with the property located at 2394 7th Avenue, New York, New York (the "Property"); and

**WHEREAS,** Jerkyz has defaulted in appearing in the Action and the Landlord has denied all allegations that it has violated any laws, statutes, rules, regulations or ordinances; and

**WHEREAS,** the Plaintiff and the Landlord desire to settle all claims alleged herein, without an admission of liability, on the terms and conditions set forth herein; it is therefore

**STIPULATED, CONSENTED AND AGREED,** that the Action shall be settled as follows:

1. Remedial Measures.

The Landlord hereby agrees to install a permanent ramp, with edge protection and railings (collectively, the "Work"), at the entrance to the Property which would allow Plaintiff and other wheelchair using patrons to enter Jerkyz. The Work will be compliant with the accessibility requirements set forth in the ADA. The Work shall be completed within six months of the date this Stipulation is filed with the Southern District Court (the "Start Date"). The time period for the completion of the Work shall be subject to events beyond the control of the Landlord, such as delay in obtaining approved building or zoning permits (application for which shall be filed no later than 30 days from the Start Date), failure of the any government inspectors to make inspections, contractor defaults, work stoppages or slow-downs due to labor-related disputes or severe weather conditions (*e.g.*, snow storms and hurricanes), acts of God, *force majeure*, acts of war or terrorism, and the like. In the event of such unforeseen circumstances, the Landlord may request from Plaintiff's counsel an extension of time to complete the Work, and upon Landlord providing proof of such unforeseen circumstances, consent shall not be unreasonably withheld. Within 45 days of the completion of the Work, the attorney for the Landlord shall notify Plaintiff's counsel and shall furnish photograph(s) of the completed Work.

In the event that Landlord fails to install an ADA compliant ramp in accordance with the foregoing, Landlord shall have 30 days from the date of delivery of notice of such failure to Landlord's attorney to remedy such failure.

2. Settlement Amount.

It is agreed that monetary compensation shall be paid in resolution of all claims asserted in this action, pursuant to a separate and confidential letter and signed by counsel for the

Landlord as authorized representative of his client.

3. Release.

In consideration of the Landlord's obligations under this Stipulation, the Plaintiff on behalf of herself, her heirs, executors, beneficiaries, trustees, administrators, representatives, successors and assigns ("Releasor") hereby remises, releases, acquits, satisfies, and discharges Defendants, their parents, subsidiaries and affiliates, and their current and/or former officers, directors, members, shareholders, employees, attorneys, trustees, administrators, representatives, successors and assigns ("Releasees") from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, equity, or admiralty, which the Releasor ever had, now has or hereafter can, shall or may have against the Releasees from the beginning of the world up to the date of this Stipulation with respect to all claims made, or which could have been made, in the Action.

4. Withdrawal of Action.

Upon execution of this Stipulation, the Plaintiff and Landlord shall file a stipulation of dismissal with prejudice.

5. No Admission of Liability.

Nothing in this Stipulation shall constitute or be deemed to constitute an admission of fault, wrongdoing or liability on the part of the Landlord. Landlord acknowledges, without conceding, any infirmity in its defenses, that it is entering into this Stipulation solely in order to settle this dispute and to avoid the further expense and inconvenience of litigation. Plaintiff acknowledges

that nothing herein is to be construed as an admission of liability or culpability by the Landlord, and acknowledges further that the remedial steps to be taken herein constitute a satisfactory resolution of the access claims alleged herein.

6. Fees and Expenses.

Each of the parties shall bear their own attorneys' fees and costs incurred in connection with or related to the Action not otherwise encompassed by the terms of this Stipulation provided, however, that in the event of breach of this Stipulation, the non-breaching party shall be entitled to collect any fees or expenses incurred, including reasonable attorneys' fees, by reason of efforts to enforce this Stipulation, or the separate letter agreement.

7. Authority.

Each signatory hereto represents and warrants that he/she has full authority to enter into this Stipulation on behalf of that party. All references to the Defendants herein shall be deemed to include their successors and assigns.

8. Governing Law and Jurisdiction.

This Stipulation shall be deemed to be made and entered into in the State of New York, and shall in all respects be interpreted, enforced and governed under the laws of New York. The parties agree that venue for any litigation brought to enforce this Stipulation shall lie in the United States District Court for the Southern District of New York, or, if that Court refuses to accept jurisdiction, in any court of competent jurisdiction in New York, New York.

9. Interpretation.

The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either Plaintiff or the Landlord. This

Stipulation has been negotiated by and between the respective counsel, and shall not be construed against the "drafter" of the Stipulation.

10. Modification of Stipulation.

This Stipulation may be amended, revoked, changed, or modified only upon a written agreement executed by the parties hereto. No waiver of any provision of this Stipulation will be valid unless it is in writing and signed by the party against whom such waiver is charged.

11. Entire Agreement.

This Stipulation sets forth the entire agreement between the parties hereto, and fully supersedes any and all prior agreements or understandings between the parties hereto pertaining to the subject matter hereof.

12. Signatures in Counterparts.

This Stipulation can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if on the same signature page. A facsimile copy, or Adobe PDF, of any party's signature shall be deemed as legally binding as an original signature.

13. Headings.

The headings of the Sections in this Stipulation have been inserted for convenience or reference only, are not intended to be considered as a part hereof, and shall not modify or restrict any of the terms or provisions hereof.

IN WITNESS WHEREOF, the parties hereto have hereunder set their hands as of the date set forth below.

(Signatures on following page)

Dated: New York, New York
, 2016

FS 140TH STREET HOUSING
DEVELOPMENT FUND CORPORATION

By: ______________________
Name: KENNETH MORRISON

Title:

______________________
JAZALEE SIRCUS

SO ORDERED:

______________________
HON. VERNON S. BRODERICK 12/19/2016
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
October 21, , 2016

FS 140TH STREET HOUSING
DEVELOPMENT FUND CORPORATION

By:______________________________
Name:

Title:

______________________________
JAZALEE SIRCUS

So Ordered:______________________
USDCJ